IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MELVIN BOWMAN, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Case No. 2:19-cv-03092-JDW |
| | : | |
| MARK WAHL, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

Plaintiff Melvin Bowman, a prisoner at the State Correctional Institute in Chester ("SCI Chester" or the "Prison"), filed this civil action pursuant to 42 U.S.C. § 1983. In his Complaint, Bowman appears to assert claims based on violations of the Eighth Amendment, as incorporated against the states through the Fourteenth Amendment, and under the Fourteenth Amendment's Due Process and Equal Protection Clauses. Bowman also seeks leave to proceed *in forma pauperis* and asks the Court to appoint counsel. For the following reasons, the Court will grant Bowman leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim, rendering his motion to appoint counsel moot.

## I. FACTS

### A. Plaintiff's Grievance

The Court accepts the facts in Bowman's Complaint as true and construes them liberally in recognition of his status as a *pro se* plaintiff. Bowman alleges that, in September 2018, prison officials questioned him about contraband cellphones and sandwiches at the Prison, operating a Facebook account, and operating a Cash App account. (ECF No. 2 ¶¶ 6-8.) Bowman told the prions officials that he did not have any information to provide. (*Id.* ¶ 7.) As a result, the prison officials threatened to take away certain jobs that Bowman had at the Prison, transfer him to a less-desirable cell block in the Prison, take away his ability to use the gym, and perhaps transfer him

to another prison facility. (*Id.* ¶ 8.) According to Bowman, the prison officials carried out those threats a few days later, as he was removed from his jobs and from other positions in the Prison and was transferred from the Honor Block to the Mental Health Unit. (*Id.* ¶¶ 9-11.)

On October 13, 2018, Bowman filed a grievance claiming a violation of the "Equal Protection Act" and "Due Process Violations." (*Id.* ¶ 12 & Ex. A.) On October 26, 2018, Bowman received a response to his grievance that stated that the "security of the facility" outweighed any concerns raised in the grievance. (*Id.* ¶ 13 & Ex. B.) Bowman appealed the decision on his grievance. In his appeal, Bowman claimed that the prison officials' actions against him were not made for security reasons; they were punitive. (*Id.* ¶ 14 & Ex. C.) The appeal did not succeed, and the denial stated that the "safety and security of [the] facility takes precedence over everything." (*Id.* ¶ 15 & Ex. D.) Bowman contends that Defendant Mark Wahl was conflicted, as Defendant Wahl was the same person who responded to both Bowman's initial grievance and appeal. (*Id.* ¶ 24.)

On November 24, 2018, Defendant Lorie Eason told Bowman that he would "never be on the honor block again," even though she could not prove that he did anything wrong. (*Id.* ¶ 16.) On December 3, 2018, Bowman again appealed the denial of his grievance and also argued that Defendant Wahl had a conflict of interest. (*Id.* ¶ 17 & Ex. E.) On December 31, 2018, the Chief Grievance Officer denied Bowman's second appeal, explaining that Bowman received "detailed responses to [his] grievance" and that "[he was] removed due to security concerns." (*Id.* ¶ 19 & Ex. F.)

On December 12, 2018, while his second appeal was pending, Bowman was barred from a banquet that took place at the Prison because it occurred in the gym where he was not allowed to go. (*Id.* ¶ 18.) He claims he did not receive a refund for the ticket that he paid for. (*Id.*) Bowman

does not allege, nor does it appear, that he filed a grievance related to this incident. Bowman also asserts that when his son tried to visit the Prison in February 2019, his son refused a staff request to search his vehicle and was therefore not permitted to visit Bowman. (*Id.* ¶ 20.) Prison officials advised Bowman that his son was removed from Bowman's list of approved visitors. (*Id.*) Again, Bowman does not allege, nor does it appear, that he filed a grievance related to this incident.

In March and June 2019, Bowman wrote to Defendant Eason and asked if he could be moved back to the Honor Block, because the allegations against him were unfounded. (*Id.* ¶ 21 & Ex. G.) Defendant Eason denied both of Bowman's requests. (*Id.* ¶ 22 & Ex. H.) Bowman contends that the Prison returned three other inmates to their jobs and the Honor Block after concluding separate investigations involving those inmates. (*Id.* ¶ 23.) Bowman does not allege, nor does it appear, that he filed a grievance related to this alleged difference in treatment.

On July 16, 2019, Bowman filed his § 1983 Complaint, asserting that Defendant Wahl failed to answer his grievance appropriately and denied Bowman's first appeal while under a conflict of interest. (*Id.* ¶¶ 24-26.) He also contends that Defendants violated his Eighth Amendment and Equal Protection rights in the way they handled his investigation and grievance and removed him from his job and the Honor Block. (*Id.* ¶¶ 29-33.)

## II. STANDARD OF REVIEW

A plaintiff seeking leave to proceed *in forma pauperis* must establish that he is unable to pay for the costs of his suit. *See Walker v. People Exp. Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Where, as here, a court grants a plaintiff leave to proceed *in forma pauperis*, the Court must determine whether the Complaint states a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). That inquiry requires the court to apply the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Under that standard, the court must take all well-pleaded

allegations as true, interpret them in the light most favorable to the plaintiff, and draw all inferences in his favor. *See Kokinda v. Pennsylvania Dep't of Corr.*, No. 17-cv-3165, 2019 WL 2577750, *2 (3d Cir. June 24, 2019) (quotation omitted). Moreover, because Bowman is proceeding *pro se*, the Court must construe his pleadings liberally. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011), *as amended* (Sept. 19, 2011).

## III. DISCUSSION

### A. Leave To Proceed *In Forma Pauperis*

Bowman has completed the form provided on the Court's website for applications to proceed *in forma pauperis* and has attested under penalty of perjury that he cannot afford to pay the filing fees. (ECF No. 1.) Moreover, his application to proceed *in forma pauperis* demonstrates that he lacks the income or assets to pay the required filing fees. Therefore, the Court will grant him leave to proceed *in forma pauperis*.

### B. Section 1983 Claims

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). While Bowman asserts constitutional claims under the Eighth and Fourteenth Amendments based upon the named Defendants' actions in adjudicating his grievance, his claims based on the handling of prison grievances fail because "prison inmates do not have a constitutionally protected right to a grievance process." *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 200) (per curiam); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (per curiam). Accordingly, the facts alleged by Bowman about how his grievance was handled do not give rise to a plausible basis for a constitutional claim and will be dismissed with prejudice.

4

To the extent Bowman's Complaint may be read to attempt to assert direct claims based on his removal from the Honor Block, the loss of his prison job, or the curtailment of his social activities, they would also be implausible. An inmate does not have a protected liberty interest arising from the Due Process Clause to be assigned to a particular custody level, security classification, or place of confinement. *See Wilkinson v. Austin*, 545 U.S. 209, 221-22 (2005) (explaining that the Constitution does not give rise to liberty interest in avoiding transfers to more adverse conditions of confinement). Likewise, the Due Process Clause does not create a liberty interest in a prison job. *James v. Quinlan*, 866 F.2d 627, 629 (3d Cir. 1989). Finally, First Amendment associational rights "may be curtailed whenever the institution's officials ... reasonably conclude that such associations ... possess the likelihood of disruption to prison order or stability, or otherwise interfere with the legitimate penological objectives of the prison environment." *Jones v. N. Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 132 (1977). Accordingly, these claims, to the extent that Bowman sought to raise them, would also be subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii). Because such liberty interests do not exist, it would be futile for Bowman to amend his Complaint to include additional details on these claims. Accordingly, the claims are dismissed with prejudice.

With respect to Bowman's alleged Equal Protection claim, however, amendment may not be futile. "To state a successful § 1983 claim for denial of equal protection, a plaintiff must allege purposeful discrimination—that he was treated differently from other similarly situated individuals because of his membership in a protected class." *Williams v. Macut*, 677 F. App'x 40, 41 (3d Cir. 2017) (citation omitted). In his Complaint, Bowman made no mention of membership in a protected class or otherwise sought protection as a member of such protected class. However, Bowman may nevertheless proceed with an Equal Protection claim based on a "class of one"

theory. *Id.* (citation omitted).  To state a claim under this theory, Bowman "must allege that (1) the defendant[s] treated him differently from others similarly situated, (2) the defendant[s] did so intentionally, and (3) there was no rational basis for the difference in treatment." *Newark Cab Ass'n v. City of Newark*, 901 F.3d 146, 156 (3d Cir. 2018) (quotation omitted).  While Bowman contends that three other inmates returned to their jobs and the Honor Block after the Prison concluded separate investigations involving those inmates, (ECF No. ¶ 23), Bowman fails to allege that any of the Defendants played any role in the decision(s) to reinstate those inmates at their jobs and the Honor Block.  Thus, Bowman has failed to plead that Defendants treated him differently and did so intentionally.

With respect to the third element, however, "although there may well have been a rational basis for the defendants' treatment of the plaintiff[], that rational basis is not apparent from the complaint[,]" especially where the Court must accept as true Bowman's repeated allegation that the investigation against him was unfounded. *Ecotone Farm LLC v. Ward*, 639 F. App'x 118, 124 (3d Cir. 2016).  Because it may not be futile for Bowman to file an Amended Complaint setting forth a "class of one" theory, assuming he can show administrative exhaustion and allege facts to support such a theory, Bowman's Equal Protection claim is dismissed without prejudice.

Finally, to the extent that Bowman's Complaint may be read to attempt to assert a claim based upon his son's visitation attempt, the Supreme Court "has emphasized that maintaining internal security and order in jails and prisons are 'legitimate governmental objectives' and that courts must give prison officials considerable discretion to manage internal security in their institutions." *Steele v. Cicchi*, 855 F.3d 494, 505 (3d Cir. 2017) (citations omitted).  With regard to prisoner visitation, in the absence of regulations mandating visitation rights, it has been held that there is no absolute right to visitation. *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454,

6

460-61 (1989); *Young v. Vaughn*, No. 98-cv-4630, 2000 WL 1056444, *2 (E.D. Pa. Aug. 1, 2000) ("Convicted prisoners, their family and spouses have no constitutional right to visitation.") (citations omitted). Thus, such a claim is implausible and will be dismissed with prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Bowman's Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Bowman's claims for Eighth Amendment and/or Due Process violations are dismissed with prejudice because any attempt to amend the Complaint to state a plausible claim about the denial of Bowman's grievance or visitation rights would be futile. However, the Court dismisses Bowman's Equal Protection claim without prejudice, and Bowman may file an Amended Complaint if he can set forth facts necessary to support such a claim. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON